UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MIGUEL DIAZ,

                                        Plaintiff,

            v.

JOHNSON & JOHNSON and JANSSEN
PHARMACEUTICAL, INC.,

                                        Defendants.
_____

DECISION & ORDER and
REPORT & RECOMMENDATION

19-CV-6929LJV

**PRELIMINARY STATEMENT**

        Plaintiff Miguel Diaz ("Diaz"), proceeding *pro se*, has initiated this action against defendants Johnson & Johnson and its subsidiary Janssen Pharmaceuticals, Inc. (collectively, "Janssen"), alleging that Diaz suffered injuries as a result of Janssen's failure to warn of the dangers of the drug Risperdal. (Docket # 1). By Order of the Hon. Lawrence J. Vilardo, United States District Judge for the District of Western New York, issued on June 23, 2020, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), and all dispositive motions have been referred to this Court for report and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). (Docket # 21). Currently pending before the Court are Diaz's motions for leave to proceed *in forma pauperis*, for service of process, and for summary judgment. (Docket ## 2, 3, 25). Also pending is a motion by Janssen to dismiss the complaint with prejudice on the grounds that Diaz's claim is barred by the statute of limitations. (Docket # 10). For the reasons set forth below, I grant Diaz's motion for leave to proceed *in forma pauperis* and deny his motion for service on the grounds that it is

moot. Additionally, I recommend that the district court grant Janssen's motion to dismiss and deny Diaz's motion for summary judgment.

## DECISION & ORDER

### Motions to Proceed *In Forma Pauperis* and for Service of Process

Because Diaz has met the statutory requirements to proceed as a poor person pursuant to 28 U.S.C. § 1915(a) and has submitted a signed authorization, his request to proceed *in forma pauperis* (Docket # 2) is granted. With respect to Diaz's motion for service (Docket # 3), Janssen has represented that it was served on February 14, 2020, although the manner of service is not clear from the docket. (Docket # 10-1 at 4). Moreover, Janssen has appeared in this action and has filed a motion to dismiss that does not raise lack of service as a defense. (Docket # 10). On this record, Janssen has waived any insufficient service defense it may have had, *see Wilson v. Deluca*, 2014 WL 991862, *5 (N.D.N.Y. 2014) ("by failing to include lack of personal jurisdiction and/or insufficient service of process in their initial Rule 12 [m]otion to [d]ismiss, [d]efendants waived those defenses") (citing Fed. R. Civ. P. 12(h)(1)), and Diaz's motion for service is moot.

## REPORT & RECOMMENDATION

### I. Defendants' Motion to Dismiss

#### A. Factual Background

##### 1. Plaintiff's Allegations

Diaz alleges that he was injured as a result of using Risperdal without being warned by Janssen of its risks. (Docket # 1 at 4). According to Diaz, after taking Risperdal, he

was diagnosed with gynecomastia, a condition that resulted in the development of breast tissue on both sides of his chest.[1]  (Docket # 1 at 4).  Diaz underwent surgery in 2002 at Beth Israel Hospital in Manhattan to address the condition.[2]  (Docket # 1 at 4).  Diaz asserts that he now has stretchmarks and sagging skin over his entire body and will require more surgery.  (Docket # 1 at 4-5).  In addition, Diaz allegedly suffers residual injuries of scarring, pain, and mental anguish.  (*Id.*).  Diaz seeks twenty-five million dollars in damages and an order requiring Janssen to warn of Risperdal's risks.  (*Id.* at 5).

### 2. **Previous Lawsuit**

Diaz, along with twenty-eight other plaintiffs, previously brought suit against Janssen for damages allegedly arising from Risperdal-related injuries.  (Docket # 10-4 at 2-3).  That case was filed in Superior Court of California, County of Los Angeles, on April 10, 2015 (the "California action").  (*Id.*).  Diaz alleges that he was offered a settlement to resolve that litigation, which he declined.  (Docket # 22 at 6).  Diaz's claim was subsequently dismissed without prejudice on August 28, 2019.  (*Id.* at 11).  Diaz thereafter initiated this action on December 26, 2019, in the United States District Court for the Western District of New York.  (Docket # 1 at 1).

Prior to dismissal of the California action, Diaz's counsel in that action executed a tolling agreement (the "agreement" or "tolling agreement") to permit a "stand-down" period to avoid litigation costs and to allow the claim to be reinitiated at a later date.  (Docket ## 10-2 at ¶ 5; 10-6 at 2).  The agreement provided a tolling period of one hundred eighty (180) days following the agreement's effective date of October 6, 2017.  (Docket # 10-6 at 3-5).  The

---

[1]  Exhibits accompanying Diaz's complaint suggest that he was prescribed Risperdal at Green Chimneys Children's Services, Inc., in Brewster, New York, in 2000.  (Docket # 5 at 20).

[2]  The date of his surgery is reflected in exhibits accompanying his complaint.  (Docket # 5 at 10).

expiration of the tolling period was subsequently extended to January 3, 2020. (*Id.* at 6). The agreement further stated, "Nothing in this Agreement shall constitute a waiver of, and Janssen expressly reserves, any statute of limitations or statute of repose defense available to it on the date any such claim was originally filed." (*Id.* at 3). The agreement also provided that in the event Diaz reinitiated his Risperdal claim, the filing would "relate back" for "statute of limitations purposes" to the date "of Reich & Binstock's [Diaz's California counsel's] first Risperdal California filing." (*Id.*).

### 3. Defendants' Motion to Dismiss

On March 6, 2020, Janssen moved to dismiss Diaz's complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket # 10-1 at 4). According to Janssen, Diaz's claim is time-barred by New York's three-year statute of limitations applicable to personal injury or products liability claims. (*Id.* at 6). Janssen contends that the statute of limitations began to run on Diaz's claim no later than June 12, 2002, the date that Diaz allegedly underwent surgery for gynecomastia. (*Id.*). Thus, Janssen argues, the limitations period expired well before he commenced both the California action and the instant action. (*Id.*).

Janssen also argues that resort to New York's "unknown cause exception" to the three-year statute of limitations does not preserve Diaz's claim because he discovered the cause of his injury too late for that exception to apply. (*Id.* at 7). Because Diaz's claim is time-barred, Janssen maintains, any amendment to the complaint would be futile and dismissal with prejudice is justified. (*Id.* at 7-8).

In response, Diaz asserts that his claim is not time-barred because the connection between Risperdal use and gynecomastia was discovered only a "short time ago" – a discovery

that has spawned thousands of lawsuits.³ (Docket # 17 at 1). Diaz emphasizes that Janssen's settlement of similar claims and its offer to settle Diaz's claim indicate that his claim must be timely. (Docket # 22 at 4).

    **B.**    **Discussion**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief." *Zucco v. Auto Zone, Inc.*, 800 F. Supp. 2d 473, 475 (W.D.N.Y. 2011). "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).

The plausibility standard applies to claims brought by *pro se* litigants. *Zucco v. Auto Zone, Inc.*, 800 F. Supp. 2d at 475. "At the same time, . . . a 'document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 476 (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)). "A court must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights due to [his] lack of legal training." *Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227, 232 (E.D.N.Y. 2003). Thus, a court must construe *pro se* pleadings liberally and "interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*,

---

³ Both parties submitted sur-replies without seeking leave of the court in violation of Rule 7(a)(6) of the Local Rules of Civil Procedure for the Western District of New York. (Docket ## 17, 18, 30, 31). Despite that procedural infirmity, this Court has chosen to review and consider the submissions.

14 F.3d 787, 790 (2d Cir. 1994)). "Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Zucco*, 800 F. Supp. 2d at 476 (omission in original) (quoting *Boykin v. KeyCorp*, 521 F.3d at 214). In addition, although as a general matter a court should not "dismiss a *pro se* complaint without granting the plaintiff leave to amend[,] . . . leave to amend is not necessary when it would be futile." *Acosta v. Robinson*, 2012 WL 6569766, *1 (E.D.N.Y. 2012) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

### 1. Choice of Law

Diaz's complaint purports to assert a claim pursuant to 42 U.S.C. § 1983, which permits suit against state and local officials arising under color of state law. (Docket # 1 at 3). Diaz has not sued any government employees or officials, however; instead, he has asserted a products liability claim against two related pharmaceutical companies. *Vines v. Janssen Pharms.*, 2018 WL 5045753, *6 (D. Conn. 2018) (plaintiff failed to state a Section 1983 claim against that Janssen arising out of Risperdal use because he did not allege Janssen acted under color of state law). Accordingly, and considering that his *pro se* complaint must be read liberally, the Court will construe the complaint to assert a products liability claim under New York State law. Although his state law claim does not implicate federal question jurisdiction, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are alleged to be diverse and the action meets the jurisdictional amount-in-controversy requirement.[4] *See Davis-Wright v. Union Supply Direct Inc.*, 2013 WL 443488, *2 (N.D.N.Y.) ("[d]espite using a

---

[4] Diaz, who is presently incarcerated at Southport Correctional Facility in Pine City, New York, has alleged that he is a resident of New York and that the defendants are residents of New Jersey. (Docket ## 1 at 2; 5 at 3). Based upon these allegations, and the absence of any challenge by defendants to subject matter jurisdiction, the Court finds no basis to require independent examination of that issue. *See Petereit v. S.B. Thomas, Inc.*, 63 F.3d 1169, 1175 (2d Cir. 1995) ("where jurisdiction is questionable we are obliged to examine it *sua sponte*"), *cert. denied*, 517 U.S. 1119 (1996).

*pro forma* § 1983 [c]omplaint, . . . . [b]ecause the claims stated herein sound in breach of contract, and in light of his *pro se* status, we consider whether the [c]ourt has subject matter jurisdiction under 28 U.S.C. § 1332, the statute conferring diversity jurisdiction"), *report and recommendation adopted*, 2013 WL 441073 (W.D.N.Y. 2013).

In diversity actions, "a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998) (citing *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 108-09 (1945)), *cert. denied*, 526 U.S. 1065 (1999); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Thus, in suits based upon diversity jurisdiction, New York statutes of limitations "govern the timeliness of state law claims" and "determin[e] the related questions of what events serve to commence an action and to toll the statute of limitations." *Diffley v. Allied-Signal, Inc.*, 921 F.2d 421, 423 (2d Cir. 1990) (quoting *Personis v. Oiler*, 889 F.2d 424, 426 (2d Cir. 1989)); *see also Abbott Labs. v. Feinberg*, 2020 WL 4496483, *2 (S.D.N.Y. 2020) ("[b]ecause under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law, . . . normally New York's statute of limitations would control, as the law of the forum state[,] . . . [and] [t]raditional choice-of-law analysis would not apply to determine the applicable statute of limitations because the issue is procedural") (citations, quotations, and brackets omitted). In this case, Janssen maintains that the New York limitations period applies, and Diaz does not argue to the contrary. (Docket ## 10-1, 15, 17, 22). Accordingly, this Court will apply New York's statute of limitations to this case.

### 2. Timeliness of the Claim

Diaz alleges that Janssen's failure to warn of the dangers of Risperdal caused him to develop gynecomastia, which required surgical intervention and left him with physical and

7

emotional injuries.  (Docket # 1 at 5).  Under New York law, actions to recover damages for personal injury are ordinarily subject to a three-year statute of limitations.  N.Y. C.P.L.R. § 214(5).  The "discovery rule" governs the calculation of the statute of limitations for personal injuries caused by latent effects of exposure to substances acting on the body.  *See* N.Y. C.P.L.R. § 214-c(2).  In such cases, the three-year limitations period begins to run on the date that the plaintiff discovers, or reasonably should have discovered, the existence of the injury.  *Id.*; *see also Bethpage Water Dist. v. Northrop Grumman Corp.*, 884 F.3d 118, 125 (2d Cir. 2018) ("the claim accrues when the plaintiff first discovers its injury") (citing *Bano v. Union Carbide Corp.*, 361 F.3d 696, 709 (2d Cir. 2004)); *Haimowitz v. Novartis Pharms. Corp.*, 148 F. Supp. 3d 327, 331 (S.D.N.Y. 2015) ("the three-year limitations period begins to run on the date that the plaintiff becomes aware of [his] injury").  "[D]iscovery occurs when . . . the injured party discovers the primary condition on which the claim is based."  *Bethpage Water Dist. v. Northrop Grumman Corp.*, 884 F.3d at 125 (quoting *MRI Broadway Rental, Inc. v. U.S. Min. Prods. Co.*, 92 N.Y.2d 421, 429 (N.Y. 1998)); *see In re New York County DES Litig.*, 89 N.Y.2d 506, 514 (N.Y. 1997) ("'discovery of the injury' [means] discovery of the physical condition and not . . . the more complex concept of discovery of both the condition and the nonorganic etiology of that condition").

    Section 214-c(4) of the New York Civil Practice Law and Rules provides a limited exception to the three-year statute of limitations where the plaintiff can establish that the cause of the injury was not immediately discoverable due to the insufficiency of known technical, scientific, or medical information.  *See* N.Y. C.P.L.R. § 214-c(4); *Sweener v. Saint-Gobain Performance Plastics Corp.*, 2018 WL 748742, *3 (N.D.N.Y. 2018) ("[t]he statute provides a limited exception where the cause of injury is not immediately known"); *see also*

*Gaillard v. Bayer Corp.*, 986 F. Supp. 2d 241, 249 (E.D.N.Y. 2013) ("[Section 214-c(4)] addresses situations where injuries are novel or hard to detect, and their causes are at first unknown"); *Pompa v. Burroughs Wellcome Co.*, 259 A.D.2d 18, 22 (3d Dep't 1999) ("[p]laintiffs having conceded that this action was not commenced within the general three-year limitations period . . . , the burden is on them to aver evidentiary facts showing that the exception embodied in the statute applies"). In such circumstances, the so-called "unknown cause exception" affords the plaintiff five years from the discovery of the injury to discover the cause of the injury. *See* N.Y. C.P.L.R. § 214-c(4); *In re New York County DES Litig.*, 89 N.Y.2d at 512 ("the Legislature anticipated and made specific provision for the problem that arises when the plaintiff has discernible bodily symptoms but the toxic etiology of those symptoms has not yet been discovered[;] [a]n extension of the time to commence the action is granted under these circumstances, but only if a set of statutorily prescribed conditions is satisfied"); *Pompa v. Burroughs Wellcome Co.*, 259 A.D.2d at 22 ("[t]he threshold requirement of CPLR 214–c(4) is that plaintiffs must have discovered the *cause* of plaintiff's injury within five years of discovering the injury"). Once the cause has been discovered, the plaintiff has one year within which to commence an action. N.Y. C.P.L.R. § 214-c(4) ("an action may be commenced or a claim filed within one year of such discovery of the cause of the injury").

Accepting the medical history offered by Diaz as true, the latest Diaz could have learned of his injury was June 12, 2002, the date of his surgery. *See Haimowitz v. Novartis Pharms. Corp.*, 148 F. Supp. 3d at 332 (statute of limitations began to accrue no later than the date of surgery). Thus, the three-year limitations period under Section 214-c(2) expired on June 12, 2005, ten years before Diaz commenced his California action.[5]

---

[5] Neither Diaz's complaint nor his motion papers suggest that he delayed filing suit due to Janssen's fraud, misrepresentations, or deception. *See Williams v. Dow Chem. Co.*, 2004 WL 1348932, *4 (S.D.N.Y. 2004) ("'a

9

Diaz's contention that his claim is not time-barred because the link between Risperdal and gynecomastia was found only "a short time ago" (Docket # 17 at 1) does not save his claim because it is time-barred even under the "unknown cause" exception set forth in § 214-c(4). Under that provision, because Diaz discovered his injury by at least June 12, 2002, he had five years from that date to discover the cause of his injury, and one more year thereafter (or until June 12, 2008) to file suit. *See Sweener v. Saint-Gobain Performance Plastics Corp.*, 2018 WL 748742 at *3 ("New York plaintiffs seeking damages for latent injury caused by toxic substances have a maximum of six years from the discovery of the injury to commence an action"); *Haimowitz*, 148 F. Supp. 3d at 332 ("if a plaintiff does not (or cannot) discover the etiology of his injury within five years, then he is barred by the statute of limitations") (internal quotations and brackets omitted). Diaz did not file suit within six years after his surgery, and thus his claim is untimely even under the "unknown cause" exception of § 214-c(4). *See Trisvan v. Heyman*, 305 F. Supp. 3d 381, 396-97 (E.D.N.Y. 2018) (dismissing Risperdal claim as time-barred under § 214-c(4) where plaintiff did not file suit within six years after becoming aware that he suffered from gynecomastia); *Sweener*, 2018 WL 748742 at *4 (toxic tort claim was time-barred under § 214-c(4) where plaintiff was aware of injury by August 2010 but did not file suit until May 2017); *Haimowitz*, 148 F. Supp. 3d at 332 ("assuming that it applies, the

---

defendant may be estopped to plead the [s]tatute of [l]imitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action'[;] [t]o make out equitable estoppel, the plaintiff must have relied upon defendants' statement in refraining from filing suit") (quoting *Simcuski v. Saeli*, 44 N.Y.2d 442, 449 (N.Y. 1978)); *see also Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 442 (S.D.N.Y.) ("[e]quitable estoppel is an extraordinary remedy . . . [to] be invoked sparingly and only under exceptional circumstances[;] . . . [defendants'] fraud, misrepresentations, or deception must be affirmative and specifically directed at preventing the plaintiff from bringing suit; failure to disclose the basis for potential claims is not enough, nor are broad misstatements to the community at large") (internal quotations omitted), *aff'd*, 579 F. App'x 7 (2014), *cert. denied*, 575 U.S. 935 (2015). Indeed, Diaz himself asserts that Janssen changed its Risperdal label in 2006 – approximately nine years prior to commencement of the California action – to specifically warn of the danger of "breast growth." (Docket # 27 at 1).

unknown cause exception would have merely extended the limitations period on [p]laintiff's tort claims from three-years to a maximum of six years[;] . . . [p]laintiff's tort claims are time barred even if the unknown cause exception is applied, because this action was not commenced until . . . more than seven years after the latest date by which the [p]laintiff's tort claims had accrued"); *Gaillard v. Bayer Corp.*, 986 F. Supp. 2d at 243 (claim against pharmaceutical producer was time-barred even applying § 214-c(4) where plaintiff discovered injury by 2005 but did not file suit within six years; "to the extent plaintiff . . . attempts to argue that she was not aware of the cause of her symptoms, knowledge of the cause is irrelevant to th[e] requirement [that discovery of the cause of injury must occur within five years after discovery of the injury]").

    The existence of the tolling agreement does not affect the determination of the timeliness of Diaz's claim. Assuming the tolling agreement binds the parties,[6] it tolled the period between October 6, 2017 and January 3, 2020 – a period that commenced nearly a decade after the expiration of the limitations period under the "unknown cause" provision of § 214-c(4). In addition, Janssen expressly reserved in the tolling agreement the right to assert any statute of limitations defense. Finally, any settlement offer that Janssen may have offered to Diaz in the California action does not alter the fact that Diaz's claim was untimely under New York law at the time he filed that lawsuit in 2015.

    Because Diaz's New York products liability claim is time-barred, any amendment to the complaint would be futile. *See Gordon v. Parole Officer Semrug*, 2016 WL 259579, *3 (W.D.N.Y. 2016) ("[a] proposed amended complaint is futile if the claims alleged are time-barred by the applicable statutes of limitations"). Accordingly, I recommend that the district court grant Janssen's motion to dismiss Diaz's complaint with prejudice. *See Barry v.*

---

[6] Diaz contends that he is not bound by the agreement because he did not sign the agreement, only his attorney did. (Docket # 22 at 4).

*Spike*, 2014 WL 5436579, *1 (W.D.N.Y. 2014) ("[a]lthough the statute of limitations is an affirmative defense on which the defendant bears the burden of proof, courts may dismiss a case on statute of limitations grounds under Rule 12(b)(6) if the complaint, on its face, 'clearly shows the claim is out of time'") (quoting *Harris v. City of New* York, 186 F.3d 243, 250 (2d Cir. 1999)); *accord Garner v. NGC Bodily Injury Tr.*, 2012 WL 3560816, *5 (W.D.N.Y. 2012) (dismissing asbestos claim as time-barred under § 214-c(4)).

## II.     Diaz's Motion for Summary Judgment

On July 23, 2020, while Janssen's motion to dismiss was pending, Diaz filed a motion for summary judgment.  (Docket # 25).  Having concluded that Diaz's claims are time-barred, I recommend that the district court deny Diaz's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Diaz's motion for leave to proceed *in forma pauperis* **(Docket # 2)** is **GRANTED**, and his motion for service of process **(Docket # 3)** is **DENIED as MOOT**.  Further, I recommend that the district court grant Janssen's motion (Docket # 10) and dismiss Diaz's complaint with prejudice.  I also recommend that the district court deny Diaz's motion for summary judgment (Docket # 25).

**IT IS SO ORDERED**.

                                                 *s/Marian W. Payson*
                                                 MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
       November 23, 2020

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See*, *e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                         *s/Marian W. Payson*
                                                         MARIAN W. PAYSON
                                                         United States Magistrate Judge

Dated:  Rochester, New York
            November 23, 2020