UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MIGUEL DIAZ,

   Plaintiff,

  v.                                              19-CV-6929-LJV-MWP
                                                          DECISION & ORDER
JOHNSON & JOHNSON and
JANSSEN PHARMACEUTICAL, INC.,

   Defendants.

---

  In April 2015, Miguel Diaz, along with twenty-eight other plaintiffs, commenced an action in the Superior Court of California, County of Los Angeles ("California action"), against Johnson & Johnson and its subsidiary, Janssen Pharmaceutical, Inc. (collectively, "Janssen").  Docket Item 10-4.  In the California action, the plaintiffs alleged injuries arising from the use of the drug Risperdal.[1]  *Id*. at 2-3.  The California action was dismissed without prejudice in August 2019.  *See* Docket Item 10-5.

  On December 26, 2019, Diaz, now *pro se*, commenced this action against Janssen under 42 U.S.C. § 1983.  Docket Item 1.  He alleges that he developed

---

[1] Janssen has filed three documents from the California action as attachments to its motion to dismiss.  *See* Docket Items 10-4 (the complaint); 10-5 (request for and entry of dismissal); and 10-6 (tolling agreement).  Courts may take judicial notice of pleadings in other lawsuits.  *See, e.g.*, *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of the complaint in another lawsuit in reviewing a 12(b)(6) motion to dismiss); *see also* Fed. R. Evid. 201.  As such, this Court takes judicial notice of the complaint in the California action, Docket Item 10-4, and the request for and entry of dismissal, Docket Item 10-5—a document Diaz also included as part of his complaint, Docket Item 1 at 13.  As explained below, however, the Court need not decide whether to take judicial notice of the tolling agreement because that agreement does not affect the outcome of this case.

gynecomastia[2] after taking Risperdal, that he underwent surgery as a result, and that he continues to suffer from emotional side effects and physical side effects that will require surgery.[3]  *Id.*  Diaz also moved to proceed *in forma pauperis*, Docket Item 2, and for service by the United States Marshal, Docket Item 3.

On March 6, 2020, Janssen moved to dismiss, Docket Item 10; on March 19, 2020, Diaz responded, Docket Item 22;[4] and on April 15, 2020, Janssen replied, Docket Item 15.  On April 23, 2020, Diaz sur-replied, Docket Item 17; and on April 24, 2020, Janssen responded to the sur-reply, Docket Item 18.  On June 23, 2020, the case was referred to United States Magistrate Judge Marian W. Payson for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 21.  While the motion to dismiss was pending, Diaz moved for summary judgment, Docket Item 25; on August 18, 2020, Janssen responded, Docket Item 29; and on August 25, 2020, Diaz replied,[5] Docket Item 31.

---

[2] Gynecomastia is the "[e]xcessive development of the male mammary glands, due mainly to ductal proliferation with periductal edema; frequently secondary to increased estrogen levels."  *Gynecomastia*, STEDMANS MEDICAL DICTIONARY (2014) Westlaw 388390; *see also* Docket Item 5 at 10-11 (describing the surgical procedure Diaz underwent for bilateral gynecomastia).

[3] On February 12, 2020, Diaz filed additional exhibits to his complaint.  Docket Item 5.

[4] Because Diaz's response originally was attached to a document filed in a different case, it was not docketed until June 24, 2020.  *See* Docket Item 22.

[5] Diaz filed a declaration with additional facts, and he asked the Court to "use [that declaration] in (both) the defendants['] and [his] motion."  Docket Item 31 at 1.  The Court construes his declaration as a reply to the defendants' response to his motion for summary judgment and as an additional submission opposing the motion to dismiss.

On November 23, 2020, Judge Payson issued a Decision & Order and Report & Recommendation ("R&R") granting Diaz's motion to proceed *in forma pauperis*, denying his motion for Marshal service as moot, finding that Janssen's motion to dismiss should be granted, and finding that Diaz's motion for summary judgment should be denied. Docket Item 32. On January 6, 2021, Diaz objected to the R&R, Docket Item 35; that same day, Janssen responded to the objections, Docket Item 36.[6]

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objections and response; and the materials submitted to Judge Payson. Based on that *de novo* review, the Court accepts and adopts Judge Payson's recommendation to grant Janssen's motion to dismiss and to deny Diaz's motion for summary judgment.[7]

---

[6] Diaz also filed several other objections. *See* Docket Items 38-40, 43. In light of Diaz's *pro se* status, the Court construes these filings as requests to file late objections and grants those requests. But because Diaz's objections largely restate arguments he has already made, *compare* Docket Item 35 *with* Docket Items 38-40, 43, the Court does not address them specifically and generally addresses his objections to the R&R.

[7] The Court assumes the reader's familiarity with the facts alleged in the complaint, *see* Docket Item 1, and Judge Payson's analysis in the R&R, *see* Docket Item 32.

**DISCUSSION**

I.    **MOTION TO DISMISS**

Judge Payson recommended granting Janssen's motion to dismiss because Diaz's claims are time barred and because no exception can cure that defect. *See* Docket Item 32 at 11-12. This Court agrees, and for the reasons that follow, adopts Judge Payson's recommendation to dismiss the complaint.

To survive a motion to dismiss, a complaint must include sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court "may dismiss a claim on statute-of-limitations grounds at the pleadings stage 'if [the] complaint clearly shows the claim is out of time.'" *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (quoting *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)).

In deciding a motion to dismiss, the court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted). And while "a *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers," *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008), the plausibility standard still applies to claims brought by

4

*pro se* litigants, *see Zucco v. Auto Zone, Inc.*, 800 F. Supp. 2d, 473, 475 (W.D.N.Y. 2011).  A court generally will afford a *pro se* plaintiff an opportunity to amend prior to dismissal unless any amendment would be "futile."  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999)) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

Although Diaz's complaint purports to bring a claim under 42 U.S.C. § 1983, he has not sued any government employees or officials.  *See* Docket Item 1 at 3.  Instead, he alleges that Janssen's failure to warn about the dangers of a drug the defendants manufactured, Risperdal, caused him to suffer significant physical and emotional injuries—primarily, gynecomastia.  *Id.* at 4-5 (also asserting that that events giving rise to his claims occurred in New York).  The Court therefore liberally construes his complaint as bringing a products liability claim against the named defendants.  *See Cuoco*, 222 F.3d at 112 ("A *pro se* complaint is to be read liberally.").  And the Court has subject matter jurisdiction over that claim under 28 U.S.C. § 1332 because the plaintiff and the defendants are citizens of different states and the action meets the amount-in-controversy requirement.  *See* Docket Item 1 at 2, 5 (asserting that Diaz is a citizen of New York and that each defendant is a citizen of New Jersey, and suing for twenty-five million dollars).

Under New York law,[8] personal injury actions are generally subject to a three-year statute of limitations.  N.Y. C.P.L.R. § 214(5) (MCKINNEY 2021).   And for personal injury actions caused by the latent effects of exposure to substances on or in the body, the "discovery rule" governs the time when that limitations period starts to run.  *See* N.Y. C.P.L.R. § 214-c(2) (MCKINNEY 2021).  In such actions, the limitations period begins on the date when the plaintiff discovers his injury or when he reasonably should have discovered his injury, whichever is earlier.  *Id.*  In other words, the statute of limitations begins to run upon "discovery of the physical condition and not . . . the more complex concept of discovery of both the condition and the nonorganic etiology of that condition."  *In re New York County DES Litig.*, 89 N.Y.2d 506, 514 (N.Y. 1997).

New York law provides an exception when "injuries are novel or hard to detect and their causes are at first unknown."  *See, e.g.*, *Gaillard v. Bayer Corp.*, 986 F. Supp. 2d 241, 249 (E.D.N.Y. 2013) (citing N.Y. C.P.L.R. § 214-c(4) (MCKINNEY 2021)).  The burden is on the plaintiff to show that the exception applies.  *See Pompa v. Burroughs Wellcome Co.*, 259 A.D.2d 18, 22 (3d Dep't 1999).  So before the exception can extend the statute of limitations, the plaintiff must show that the cause of his injury was not discoverable due to then-insufficient "technical, scientific, or medical knowledge and information."  N.Y. C.P.L.R. § 214-c(4) (MCKINNEY 2021).  Under this exception, a

---

[8] As explained in Judge Payson's R&R, New York state law governs the statute of limitations analysis in this case.  Docket Item 32 at 7.  Because the Court agrees with Judge Payson's analysis and because no party objected to that portion of the R&R, *see, e.g.*, Docket Item 40 at 1 (Diaz arguing that his claims are not barred by the statute of limitations rules laid out in the R&R); Docket Item 36 at 2 (Janssen agreeing with Judge Payson that Diaz's claims are untimely under New York law), the Court applies the New York statute of limitations in this case.

6

plaintiff has "less than five years after discovery of the injury" to discover the cause and one year from discovery of the cause within which to commence an action. *Id.*

Judge Payson concluded that, "[a]ccepting the medical history offered by Diaz as true, the latest Diaz could have learned of his injury was June 12, 2002, the date of his surgery [to treat gynecomastia]." Docket Item 32 at 9; *see also* Docket Item 5 at 10 (submitting as an exhibit to the complaint medical records from June 12, 2002, for surgery to treat Diaz's gynecomastia). Accordingly, Judge Payson found that the statute of limitations for recovery under Section 214-c(2) expired on June 12, 2005, long before Diaz commenced both the California action in April 2015 and this action four-and-a-half years later. *See* Docket Item 32 at 9.

Judge Payson also concluded that even if the unknown-cause exception applied, it would not and could not save Diaz's claim. *Id.* at 10-11. Diaz would have had at most six years, or until June 12, 2008, to discover the cause of his injury and to commence an action against Janssen—again, long before he commenced this action or the California action. *Id.* Finally, Judge Payson concluded that the tolling agreement, Docket Item 10-5, which was signed after the statute of limitations had long expired, could not save Diaz's claim.[9] *Id.* at 11.

---

[9] Diaz was represented by counsel in the California action, and prior to dismissal, his counsel signed a tolling agreement with Janssen. Docket Item 10-6. The tolling agreement allowed Diaz's claims to be refiled at a later date—originally 180 days from the date of the agreement but then extended to January 3, 2020—"in any appropriate court of law . . . ." Docket Item 10-6 at 2-3, 6. The agreement also explicitly preserved Janssen's right to raise a statute of limitations defense. *Id.* at 3. The terms of the agreement state that any refiled Risperdal claims would "relate back to the date of Reich & Binstock's first Risperdal California filing, for statute of limitations purposes." Docket Item 10-6 at 3. But as already discussed, the date when the California action was commenced is well outside Diaz's statute of limitations period under New York law.

In his objections, Diaz argues that the statute of limitations affords him six years from the "discovery of the 'responsible party'" to bring his claim.  Docket Item 40 at 1.  He reasons that because he first discovered Janssen's "responsibility" for Risperdal and the "major damage" it had done to his body after seeing a television commercial in 2015, he timely filed his claim in 2019.  See id.  But that is not what the New York statute says.  As Judge Payson correctly noted, the statute of limitations began to run when Diaz discovered his *injury*—here, at the very latest, when he had surgery for gynecomastia in 2002, see Docket Item 5 at 10.  Assuming that the unknown-cause exception applies, Diaz had up to five years from the date he discovered his injury to discover its cause and another year to bring his claim.  See N.Y. C.P.L.R. § 214-c(4) (McKinney 2021).  Therefore, Diaz had a total of up to six years from his 2002 surgery—that is, until 2008—to commence a lawsuit.  So the statute of limitations expired seven years before he saw the commercial in 2015 and more than ten years before he brought this action.

Diaz also objects to the "mention" of the tolling agreement in the R&R because "Johnson and Johnson's tolling agreement was removed by them."  Docket Item 35.  "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'"  *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (quoting *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991)).  But Judge Payson addressed the tolling agreement only because it might have helped Diaz, not as a reason to deny his claim.  See Docket Item 32 at 11.  And she correctly noted

that because the tolling agreement by its terms applied from October 6, 2017, until January 3, 2020, it took effect *after* the New York statute of limitations barred Diaz's claims and therefore cannot salvage his claims.  *Id.*  Stated differently, an agreement to suspend or toll the limitations period does not revive a limitations period that already has expired.  It simply pauses time where it is.  *See, e.g.*, *S.E.C. v. Kelly*, 663 F. Supp. 2d 276, 287 (S.D.N.Y. 2009) (explaining that a tolling agreement pauses time on a specific date during the limitations period (for example, "Year 4, Day 20") and that the limitations period starts running again after the agreement expires (using the same example, "Year 4, Day 21")).  So because Diaz's limitations period expired in 2008 at the latest, a tolling agreement signed in 2017 did not—indeed, it could not—revive his expired claim.

For all those reasons, the Court agrees with Judge Payson that Diaz's claims are barred by the applicable statute of limitations and that "any amendment would be futile." *See* Document Item 32 at 11-12.  Accordingly, Janssen's motion to dismiss is granted.

## II.     MOTION FOR SUMMARY JUDGMENT

Judge Payson also recommended that Diaz's motion for summary judgment, Docket Item 25, be denied because his claims are barred by the applicable statute of limitations, Docket Item 32 at 12.  Again, this Court agrees, and Diaz's motion for summary judgment therefore is denied.

## CONCLUSION

For the reasons stated above and in the R&R, Janssen's motion to dismiss, Docket Item 10, is GRANTED; Diaz's motion for summary judgment, Docket Item 25, is

DENIED; the complaint, Docket Item 1, is dismissed; and the Clerk of the Court shall close the file.  The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).

Diaz must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, **within 30 days of the date of judgment** in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:    July 22, 2021
         Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE